IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAPHNE PRATT,**

    **Petitioner,**

v.                                    **CIVIL ACTION NO.: 3:20-CV-186**

**P. ADAMS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 25, 2020, Petitioner acting pro se filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate housed at Hazelton Secure Female Facility, who challenges the alleged miscalculation of her sentence by Federal Bureau of Prisons ("BOP").

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

**A.    Conviction and Sentence**[2]

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:20-CV-186, unless otherwise noted.

[2] The facts in section II.A. are taken from the docket of Petitioner's criminal case, Case Number 3:16-CR-207-2 in the District of South Carolina, which is available on PACER. Philips v. Pitt

On October 18, 2016, Petitioner and a co-defendant were charged in a second superseding indictment in the District of South Carolina, case number 3:16-CR-207. ECF No. 82. On November 30, 2013, Petitioner entered a guilty plea to Count 1 of the second superseding indictment which charged her with conspiracy to engage in sex trafficking minors, in violation of 18 U.S.C. §§ 1591(a), and 1594(c). ECF Nos. 103, 113, 114, United States v. Pratt, -- Fed.Appx. --, 2020 WL 4282072 (July 27, 2020). Petitioner was sentenced to 120 months of incarceration on July 26, 2017. ECF No. 161.

Petitioner filed a notice of appeal on September 6, 2019. ECF No. 200. By unpublished per curiam opinion issued July 27, 2020, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Pratt, -- Fed.Appx. --, 2020 WL 4282072 (July 27, 2020). In that opinion, the Fourth Circuit wrote:

> [W]e decline to address Pratt's entitlement to additional good time credits under the First Step Act, 132 Stat. 5194, § 102(b) because she has failed to exhaust her administrative remedies and has not challenged the calculation or award of such credits by the Bureau of Prisons in a petition for habeas corpus in the district court. See 18 U.S.C. § 3624(b)(1) (2018). Therefore, an adjudication of credits at this juncture is premature.

United States v. Pratt, No. 19-4654, 2020 WL 4282072, at *2 (4th Cir. July 27, 2020).

**B.    Instant 2241 Petition**

Petitioner's single claim for relief is that in the execution of her sentence by the BOP, she has been improperly denied credit to which she is entitled under the First Step Act. ECF No. 1 at 5. Petitioner states that she "only used the administrative

---

Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

2

remedies [available] at the prison." Id. at 8. For relief, Petitioner asks the Court to order the Bureau of Prisons to award her 10 days of credit for every 30 days of programming, including employment. Id.

### III. LEGAL STANDARD

#### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### B. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516,

524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner has not claimed any excuse for her failure to exhaust. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that Petitioner did not exhaust available administrative remedies, and that she only presented her grievance to the warden. ECF No. 1 at 5, 8. Petitioner acknowledges that she did not present her claim to the Bureau of Prisons. Id. at 8. Finally, Petitioner states that she "only used the Administrative remedies here at the Prison [where she] is housed." Id. Further, a review of the Fourth Circuit's opinion issued July 27, 2020, less than two months before this case was initiated, shows that at that time Petitioner had failed to exhaust her administrative remedies. 2020 WL 4282072, at *2. The sole administrative remedy documents provided by Petitioner show that she was denied relief by the warden on July 20, 2020. It appears that insufficient time has elapsed since that date for Petitioner to have appealed her claim to the Mid-Atlantic Regional Director or subsequently to the national level to demonstrate exhaustion of available administrative remedies.

Thus, Petitioner has failed to exhaust all administrative remedies available to her related to her claim that she is entitled to credit pursuant to the First Step Act. Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider her petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** September 28, 2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE